**Yazhen ZHENG, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 04–2483–AG.

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

Jim Li, New York, New York, for Petitioner.

Kenneth L. Wainstien, United States Attorney, District of Columbia, Martin

Dee Carpenter, Assistant United States Attorney, Washington, D.C., for Respondent.

PRESENT: HON. ROGER J. MINER, HON. DENNIS JACOBS, and HON. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of January, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Yazhen Zheng petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering her removal to China and denying her applications for asylum, withholding of removal, and CAT relief. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000). We assume the parties' familiarity with the facts and procedural history of the case.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Upon due consideration, it is OR-DERED that the petition for review is hereby DENIED because the IJ's adverse credibility finding was supported by substantial evidence. The inconsistency between Zheng's written assertion that after learning Zhong Gong's "eight virtues and eight thoughts," she had felt happier "both physically and mentally" and her inability to either name or explain those eight virtues undermines her credibility and goes to the heart of her persecution claim. Furthermore, Zheng's written assertion that her husband was in China and her later testimony that he had been in the United States, provides a specific and cogent reason for the IJ's adverse credibility finding. Finally, because the IJ made an express finding that Zheng's testimony was not credible, the IJ's additional finding that Zheng did not present corroborating documents that were fundamental to her claim, merely bolstered the credibility determination. *See Diallo*, 232 F.3d at 287, 290.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).